FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

3/13/25

SEAN F. McAVOY, CLERK

*AUSA: LJH*

*County: Spokane*

*In Re: Affidavit in Support of Criminal Complaint for Daniel Thomas SALATA*

| | |
|---|---|
| STATE OF WASHINGTON ) | |
| ) ss | |
| Spokane County ) | |

## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR AN ARREST WARRANT AND CRIMINAL COMPLAINT

I, Taylor Clarke, a Special Agent with the Federal Bureau of Investigation (FBI), having been duly sworn, hereby state as follows:

### INTRODUCTION

1. I make this affidavit in support of an application for an arrest warrant and criminal complaint charging DANIEL THOMAS SALATA ("SALATA") with receipt of child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2),(b)(1), possession of child pornography, 18 U.S.C. §§ 2252A(a)(5)(b), (b)(2), and felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

### SOURCES OF INFORMATION

2. The facts in this affidavit come from my personal observations, my training and experience, information from records and databases, and information obtained from other agents, officers, and witnesses. Where statements made by other individuals (including other Special Agents and law enforcement officers) are referenced in this Affidavit, such statements are described in sum and substance and in

relevant part. Similarly, where information contained in reports and other documents or records is referenced in this Affidavit, such information is also described in sum and substance and in relevant part.

3. Because this Affidavit is submitted for the limited purpose of establishing probable cause for a criminal complaint and arrest warrant, I have not included every fact known to me about this case. Rather, I have set forth only the facts that I believe are necessary to support probable cause for a criminal complaint and arrest warrant. My understanding of the facts and circumstances of the case may evolve as the investigation continues.

## AFFIANT BACKGROUND

4. I have been employed as a Special Agent of the Federal Bureau of Investigation ("FBI") since March 2016, and I am currently assigned to the Spokane Resident Agency. While employed by FBI, I have investigated federal criminal violations related to child exploitation, and child pornography. I have gained experience through training and everyday work relating to conducting these types of investigations. I have received training in the area of child pornography and child exploitation and have had the opportunity to observe and review numerous examples of child pornography (as defined in 18 U.S.C. § 2256(8) and used interchangeably with the term "child sexual abuse material" or "CSAM") in all forms of media including computer media. Moreover, I am a federal law enforcement officer who is engaged in enforcing the criminal laws, including 18 U.S.C. §§ 2251, 2252, and 2252A, and I am authorized by law to request this.

5. I am familiar with the facts and circumstances of the investigation through my participation in it based on several investigative techniques, including discussions with agents and officers from other law enforcement agencies, and the review of records and reports relating to the investigation. Unless otherwise noted, wherever in this affidavit I assert that a statement was made, the statement is not being

recounted verbatim but instead only in substance and in part. Facts not set forth herein are not being relied on in reaching my conclusion that the requested warrant should be issued. Nor do I request that this Court rely on any facts not set forth herein in reviewing this application.

## APPLICABLE STATUTES

6. I am investigating potential attempts and completed violations of 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1), receipt of child pornography, 18 U.S.C. §§ 2252A(a)(5)(b),(b)(2), possession of child pornography, and 18 U.S.C. §§ 922(g)(1), 924(a)(8), felon in possession of a firearm and ammunition.

7. Those offenses are set forth as follows:

   a. 18 U.S.C. § 2252A(a)(2)(A) prohibits any person from knowingly receiving or distributing any child pornography that has been mailed, or using any means or facility of interstate commerce shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   b. 18 U.S.C. § 2252A(a)(5)(b) prohibits any person from knowingly possessing any book, magazine, periodical, film, videotape, computer disk, or any other material that contains an image of child pornography that has been mailed, or shipped or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer, or that was produced using materials that have been mailed, or shipped or transported in or affecting interstate or foreign commerce by any means, including by computer.

   c. 18 U.S.C. § 2256(8)(A) defines "child pornography" as, *inter alia*, "any visual depiction, including any photograph, film, video, picture, or

    computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct."

d. 18 U.S.C. § 2256(2)(A) defines "sexually explicit conduct" as "actual or simulated[:] sexual intercourse, including genital-genital, oral-genital, anal-genital, or oral-anal, whether between persons of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; or lascivious exhibition of the anus, genitals or pubic area of any person."

e. 18 U.S.C. § 922(g)(1) prohibits any person, who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, from shipping or transporting in interstate or foreign commerce, or possessing in or affecting commerce, any firearm or ammunition.

## STATEMENT OF PROBABLE CAUSE

8. Based on the facts described below, I have probable cause to believe that SALATA has received child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1), possessed child pornography, in violation of 18 U.S.C §§ 2252A(a)(5)(b),(b)(2) and was the unlawful possessor of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8).

9. In January of 2025, your Affiant received a lead from an FBI investigation originating in another district. During the course of that investigation, an IP address assigned to SALATA's residence (SUBJECT PREMISES) in Spokane, was identified.

10. A review of Thomson Reuters CLEAR, Accurint and Washington State Department of Motor Vehicles, revealed SALATA and Sara SALATA were the potential adult residents of the SUBJECT PREMISES.

11. A check with the Washington State Department of Motor Vehicles on or about March 6, 2025, revealed that an individual named Daniel Salata (SALATA) had a driver's license issued on September 15, 2023. The SUBJECT PREMISES was listed as his residence.

12. On or about March 6, 2025, representatives of Avista Utilities Corp indicated that service is being provided to the SALATA at the SUBJECT PREMISES as of December 6, 2024. Prior to Dec 6, 2024, SALATA and Sara Salata were listed as the financially responsible parties.

13. Agents conducted physical surveillance of the SUBJECT PREMISES on or about January 2025 to March 2025. Multiple vehicles were observed at the residence. One of the vehicles, a Ford F-150, was registered solely to SALATA.

14. A Google search for SALATA revealed multiple relevant articles regarding SALATA. One such article described SALATA'S application to be a Mount Vernon Police Officer in May of 2015.[1] During the pre-employment background investigation, specifically the polygraph examination of the application process, SALATA admitted to viewing and storing child pornography on his home computers. Due to this admission, the Arlington Police Department (APD) obtained a search warrant and conducted a search of SALATA'S residence in 2015. Officers seized multiple digital devices from SALATA'S residence, to include three (3) computers, external hard drives and other computer components, as evidence. A review of these electronic devices revealed more than 340 images and one (1) video of child pornography. The article also advised that SALATA had installed data destruction software on the computers.

---

[1] https://komonews.com/news/local/arlington-police-would-be-cop-arrested-for-child-porn

15. I reviewed multiple court documents related to the criminal case associated with SALATA's conduct described *supra*. I have included information relating to some of those documents below:

   a. An <u>Information</u> was filed on November 13, 2015, in the Superior Court for the State of Washington- Snohomish County, Case Number 15-1-02503-6, charging the SALATA with Possession of Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree, specifically a digital video depicting a minor engaged in actual or simulated sexual intercourse, from on or about August 27, 2014, through on or about August 27, 2015, in violation of RCW 9.68A.070(1) and 9.68A.0114(a)(Count 1); Viewing Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree, specifically did intentionally view over the internet visual or printed matter, an image separate and distinct from Count 3, that depicted a minor engaged in actual or simulated intercourse, from on or about August 19, 2014, through on or about August 27, 2015, in violation of RCW 9.68A.075(1) and 9.68A.011(4)(Count 2); and Viewing Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree, specifically, did intentionally view over the internet visual or printed matter, an image separate and distinct from Count 2, that depicted a minor engaged in actual or simulated sexual intercourse, in violation of RCW 9.68A.075(1) and 9.68A.011(4)(Count 3).

   b. A <u>Probable Cause Affidavit</u> in the Superior Court of Washington- Snohomish County, Case Number 15-1-02503-6, filed on November 13, 2015. The affidavit was written by a deputy prosecutor and was based upon reports from the Arlington and Everett Police Departments. According to the affidavit, on May 21, 2015, the APD was referred a case

involving the suspected possession of child pornography. Specifically, a lieutenant with the Mount Vernon Police Department advised that SALATA disclosed viewing child pornography on the computers at his residence in Arlington, Washington. SALATA disclosed to a polygraph examiner that he viewed digital images of children ranging in age from two (2) to fifteen (15) and had done so as recently as 2015. On August 27, 2015, the APD executed a warrant at SALATA's residence. Three computers were seized, then subsequently examined by a forensic examiner (the "FE") with the Everett Police Department. The FE located over 40 images of "young children being raped, molested, performing oral sex, or masturbating" and over 300 images of "lavishly posed nude children, several images that depicted naked dead, mutilated and deformed babies or prepubescent children and one video of two nude female children kissing and performing oral sex on each other." Some of the image and videos located by the FE were described in the affidavit. For example, the FE located a video of two girls between the ages of 11 and 13 engaged in oral sex that had been saved to the computer and viewed in viewing software. The FE also located a series of five (5) different images depicting a young child between the ages of three (3) and five (5) performing oral sex on an adult penis. The data associated with those images showed that they were viewed at least once on August 19, 2013. The FE also located artifacts such as peer to peer artifacts, cookies, LNK files, deleted data, browser bookmarks, and hundreds of URLs linking to child pornography and torrent artifacts. The FE also found evidence demonstrating that SALATA made deliberate efforts to carefully seek and save such content, with examples of this type of activity spanning from approximately three (3) years prior, to days before

the SALATA's devices were seized. Finally, the FE also recovered over 80 records of files with titles identifying them as child pornography, including "PTHC"(pre-teen hardcore), "Sweet lil' PTHC", "Etnymph", "PTSC"(pre-teen softcore), "Lolitas Webcams", and "Kidcam Omegle" being downloaded, then shared online through a file sharing program. At least two of the images were confirmed to be images of child pornography by the National Center for Missing and Exploited Children ("NCMEC"). SALATA was interviewed by a detective the day the search warrant was executed at his residence. During the interview, SALATA admitted to viewing images on his computer of children under the age of 16. SALATA said several times that there could possibly be over 500 images of naked children on his computers. SALATA also admitted to masturbating to depictions of children who were 15 years of age or younger. The affidavit noted in the "Bail/PR" section that the State requested the SALATA be detained on $100,000 bail, due to plans to move to California and having small children with ages similar to those of the children depicted in the images found.

c. <u>A Statement on Plea of Guilty to Sex Offense</u> in the Superior Court of Washington- Snohomish County, Case Number 15-1-02503-6, filed on May 6, 2016. In this document, signed by SALATA, SALATA pled guilty to Counts 1 and 2 described above. In his written statement, SALATA admitted, "Count 1- During the time period January 1, 2015 and August 27, 2015, I did knowingly possess a visual digital video that depicted a minor engaged in actual or simulated sexual intercourse" and "Count 2- During the time period January 1, 2015, and August 27, 2015, I did, on one occasion intentionally view over the internet visual matter that depicted a minor engaged in actual or simulated intercourse."

    d. <u>A Judgment and Sentence</u> in the Superior Court of Washington-Snohomish County, Case Number 15-1-02503-6, filed on June 20, 2016. SALATA was sentenced to 26 months of confinement on Count 1 and 13 months of confinement on Count 2, with the counts to run concurrently. SALATA was also sentenced to 36 months of community custody supervision. SALATA was also ordered to, among other things, (1) register as a sex offender, (2) complete a state certified sexual deviancy evaluation and fully comply with all recommended treatment, (3) participate in polygraph examinations as directed by the supervising Community Corrections Officer ("CCO"), to monitor compliance with conditions of community custody, (4) do not initiate or prolong contact with minor children without the presence of an adult who is knowledgeable of the offense and has been approved by the CCO, (5) do not remain overnight in a residence where minor children live or are spending the night except can remain overnight where his own children are as long as an adult who is aware of the charges is present.

16. On March 12, 2025, I applied for and was granted search warrants for the SUBJECT PREMISES, SALATA's person, and SALATA'S vehicle. *See* 2:25-MJ-00098-JAG, 2:25-MJ-00099-JAG, 2:25-MJ-00100-JAG.

17. On March 13, 2025, at approximately 6:22 am, agents and task force officers with the FBI Spokane office executed the search warrant at the SUBJECT PREMISES, where they located and detained SALATA.

18. During the search warrant, I interviewed SALATA. He informed me that his wife, Sara Salata, was no longer living at the residence.

19. A preliminary search of a USB drive found on a bookshelf in SALATA'S bedroom revealed a multitude of images that SA Kevin Loader and I observed. I noted several images that met the federal definition of child pornography. The images

were categorized into folders with titles such as "On bck", "Lean back – Hands or elbows", and "Lgs up". Some of the images that I observed are described as follows:

    a. File path: Mdia\Pcs\On bck

- image: 12(192)

   The image depicts a nude prepubescent female laying on her back with a white background. Her legs are spread open with her genitals displayed.

- Image: pix(16).jpg

   The image depicts a nude prepubescent female laying on her back with her legs spread and genitals displayed.

    b. File path: mdia\Pcs\Lean back – Hands or elbows

- Image: pix 17.jpg

   The image depicts a partially clothed, pre to early pubescent female, with minimal to no breast development, and minimal pubic hair, with her legs spread, displaying her vagina, and sitting on a sandy or beach area. "LS Island" graphic is displayed in the top left-hand corner of the image.

    c. File path: mdia\Pcs\Lgs up

- Image: pix(18).jpg

   The image depicts a prepubescent to early pubescent nude female on her back with her legs spread open displaying her genitals.

    20. SA Loader and I also observed artifacts on the USB drive relating to BitTorrent, a file sharing software program known by law enforcement who investigate child exploitation crimes to be used for the distribution and receipt of child pornography.

    21. During the execution of the search warrant, agents also located what appeared to be an assault style rifle in a plastic bag with a loaded magazine containing

live ammunition in SALATA's bedroom closet. As previously described, in 2016 SALATA was convicted of two Class B felony offenses, Possession of Depictions of Minors Engaged in Sexually Explicit Conduct in the First Degree and Viewing Depictions of a Minor Engaged in Sexually Explicit Conduct in the First Degree, and was sentenced to a term of imprisonment exceeding one year.

22. On March 13, 2025, I received information from Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Jared Tomaso (SA Tomaso), who examined detailed photos of the suspected firearm and ammunition.

23. SA Tomaso advised that the firearm appeared to be a Privately Made Firearm (PMF) and contained defining characteristics as a firearm under 18 U.S.C. § 921(a)(3).

24. SA Tomaso is aware that the importation, manufacture, distribution, transportation, and possession of firearms is a class of economic activity heavily regulated by Congress, federal statutes – including the Gun Control Act of 1968 (GCA), and the federal government under a detailed and comprehensive statutory and regulatory scheme. The distribution and possession of privately made firearms is part of this class of economic activity.

25. Based on SA Tomaso's examination of the detailed photographs of the firearm, as well as his research, knowledge, training, and experience, it is his opinion that the firearm has affected interstate commerce.

26. SA Tomaso also advised that after his examination of the detailed photographs of the ammunition, it is his opinion that it is Barnaul .223 caliber ammunition and it is ammunition as defined under Title 18, USC, Chapter 44, Section 921(17)(A). It is SA Tomaso's opinion that the ammunition was not manufactured in the state of Washington, therefore it has traveled in foreign and/or interstate commerce as defined by Title 18 U.S.C. Section 921(a)(2).

27. This opinion was based on examination of detailed photographs of the firearm and ammunition. Prior to any courtroom testimony on the matter, SA Tomaso would reserve the right to physically examine the firearm.

## CONCLUSION

28. Based on the facts stated above, I respectfully submit that there is probable cause to believe that SALATA has received child pornography, in violation of 18 U.S.C. §§ 2252A(a)(2)(A),(b)(1), has possessed child pornography, in violation of 18 U.S.C §§ 2252A(a)(5)(b),(b)(2) and unlawfully possessed a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(8). I respectfully request that the Court issue a criminal complaint and a warrant for his arrest.

_____
Taylor Clarke, Special Agent
Federal Bureau of Investigation

Sworn to telephonically and signed electronically on this 13th day of March, 2025.

_____
Alexander C. Ekstrom
United States Magistrate Judge